

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHETANAND KUMAR SEWRAZ,**

Plaintiff,

v.    Civil Action No. **3:08CV90**

**NHON H. NGUYEN,** *et al.,*

Defendants.

## MEMORANDUM OPINION

On February 27, 2008, the Court conditionally docketed Plaintiff's civil rights complaint as case number 3:08cv90. Plaintiff requested leave to proceed *in forma pauperis*. By Memorandum Order entered on April 21, 2008, the Court directed Plaintiff to pay an initial partial filing fee of $30.70 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within eleven (11) days of the date of entry thereof. *See* 28 U.S.C. § 1915(b)(1). On April 29, 2008, Plaintiff paid the initial partial filing fee of $30.70 to this Court for case number 3:08cv90. Inadvertently, the Court credited the $30.70 toward another civil rights action, docketed as case number 3:08cv35, that Plaintiff had brought against other defendants. *See Sewraz v. Guice,* No. 3:08cv35, (E.D. Va. $30.70 filing fee docketed May 20, 2008).

Believing that Plaintiff had neither paid the initial partial filing fee nor averred that he could not pay such a fee, the Court therefore dismissed the action without prejudice by Memorandum Opinion and Order entered on May 23, 2008. On June 6, 2008, Plaintiff submitted a motion for reconsideration of the Court's May 23, 2008 dismissal order in this

Court,[1] as well as an appeal of that dismissal order to the United States Court of Appeals for the Fourth Circuit. Thereafter, Plaintiff was able to locate his inmate request for the transfer of the $30.70 partial filing fee and obtained a copy of his receipt showing that the partial filing fee of $30.70 had been directed to case number 3:08cv90.

When a civil action is on appeal, it is beyond the reach of the district court's limited jurisdiction and the district court has only two options: it can either deny the Rule 60(b) motion in aid of the appeal, or, if it is inclined to grant the Rule 60(b) motion, issue a short memorandum so stating. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999). If the district court issues such a memorandum, the Fourth Circuit may then grant a limited remand so that the district court may act on its inclination. *See id.*; *see also Stiles v. Town of Leesburg*, No. 1:00cv628, 2001 U.S. Dist. LEXIS 25869, at *1-2 (E.D. Va. June 21, 2001).

In the instant case, Plaintiff's civil action is currently on appeal (Docket Nos. 15 & 16). Accordingly, the Court states that it is inclined to grant the motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

Plaintiff's motion for reconsideration (Docket No. 14) and his motion to set aside the dismissal order (Docket No. 18) remain pending, while the Fourth Circuit considers the issue of limited remand.

---

[1] Because Plaintiff's motion for reconsideration was filed more than ten days after the Court's May 23, 2008 Order, it is properly construed as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. *See In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). For this same reason, Plaintiff's June 27, 2008 motion to set aside the dismissal order and reinstate complaint (Docket No. 18) is also properly construed as a motion for relief under Rule 60(b).

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Opinion to Plaintiff and the United States Court of Appeals for the Fourth Circuit.

/s/
Richard L. Williams
United States District Judge

Date: JUL - 2 2008
Richmond, Virginia