IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHETANAND KUMAR SEWRAZ,**

    Plaintiff,

v.                                              Civil Action No. **3:08CV90**

**NHON H. NGUYEN,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Chetanand Kumar Sewraz, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this diversity action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing*

*Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

Plaintiff names two individuals as defendants: Mariea Gamble-Huynh, his estranged wife, and Nhon H. Nguyen, an attorney whom Plaintiff retained to collect debts allegedly owed by Defendant Gamble-Huynh ("the individual Defendants"). He also names as defendants Rahman & Schettine, PLC, and Schettine & Nguyen, PLC, two law firms for which Defendant Nguyen has worked ("the law firms").

Plaintiff alleges that he made loans of $12,500 and $15,000 to Defendant Gamble-Huynh in 2004 and early 2005. Plaintiff retained Defendant Nguyen in August of 2005 to collect on the defaulted promissory notes. Plaintiff alleges that, on October 4, 2005, Defendant Nguyen filed a warrant in debt for the $12,500 note in the Henrico County District Court ("the District Court"), in case No. GV05-023490. On November 4, 2005, a warrant was filed in the District Court on the $15,000 note, in case No. GV05-024405. On the same day, the District Court granted Plaintiff default judgment on the $12,500 warrant in case No. GV05-023490.

According to Plaintiff, Defendant Gamble-Huynh contacted Defendant Nguyen to negotiate a settlement of the default judgment. Plaintiff alleges that Defendant Nguyen told him

3

that Defendant Gamble-Nguyen asked him on a date during a second telephone conversation. Plaintiff believes that Defendant Gamble-Huynh initiated a romantic relationship with Defendant Nguyen. Plaintiff alleges that, due to their relationship and to racial animus,[1] the individual Defendants subsequently agreed to sabotage Plaintiff's efforts to collect on the promissory notes.

Plaintiff alleges that Defendant Nguyen induced Plaintiff to not appear in the District Court for a hearing on November 21, 2005. With Plaintiff absent, Defendant Nguyen set a trial for January 9, 2006, despite knowing that Plaintiff and a witness to the execution of the notes had planned to be out of the country from December 2005 until March 2006. Plaintiff rescheduled his flights, incurring additional expenses and missing his mother's birthday. Defendant Nguyen subsequently failed to inform Plaintiff that opposing counsel had filed a motion for continuance on January 5, 2009. At the hearing on January 9, 2009, Defendant Nguyen failed to object to the continued trial date even after Plaintiff objected himself, resulting in a new trial date of April 17, 2006, which conflicted with Plaintiff's plans.

After the hearing, Mr. Sewraz was arrested based on complaints by Defendant Gamble-Huynh. Subsequently, on February 6, 2006, Defendant Nguyen non-suited the pending claims and terminated his attorney-client relationship with Plaintiff. Defendant Nguyen sent a letter informing Plaintiff of his actions to Plaintiff's home address, despite his knowledge that Plaintiff was incarcerated. Plaintiff therefore did not learn of the non-suits until June 2006 when informed by David Long, an investigator whose services Defendant Nguyen used. On January 11, 2007, Plaintiff filed a motion to reinstate both debt collection actions. This motion was denied on January 22, 2007. On March 15, 2007, Plaintiff filed a complaint against

---

[1] The individual Defendants are both of Vietnamese descent. Plaintiff is of Indian origin.

4

Defendant Nguyen with the Virginia State Bar. On April 26, 2007, Defendant Nguyen wrote a letter in reply that contained fraudulent misrepresentations.

Plaintiff brings the following claims:

| | |
|---|---|
| Claim One | Breach of Contract by Defendant Nguyen and the law firms.[2] |
| Count Two | Fraud: Defendant Nguyen fraudulently represented that Defendant Gamble-Huynh would not appear in the District Court on November 21, 2005. |
| Count Three | Fraud: Defendant Nguyen fraudulently failed to inform Plaintiff that a motion for continuance was filed on January 5, 2006. |
| Count Four | Fraud: Defendant Nguyen fraudulently failed to inform Plaintiff that a non-suit had been filed and the attorney-client relationship terminated. |
| Count Five | Fraud: Defendant Nguyen fraudulently misrepresented to the Virginia Bar that he attempted to contact Plaintiff but was forced to send the February 6, 2006 letter to Plaintiff's home because he did not know where Plaintiff was incarcerated. |
| Count Six | Vicarious Liability: The law firms are liable for all acts of misfeasance and nonfeasance by Defendant Nguyen. |
| Count Seven | Business Conspiracy: Defendants Gamble-Huynh and Nguyen conspired to injure Plaintiff's business and reputation. |
| Count Eight | Intentional Infliction of Emotional Distress by Defendants Gamble-Huynh and Nguyen. |
| Count Nine | Violations of Federal Law. Plaintiff claims that Defendants Gamble-Huynh and Nguyen violated:<br>(a) 42 U.S.C. § 1981 by preventing Plaintiff from enforcing his loan contracts; |

---

[2] In the section of his complaint pertaining to this count, Defendant writes that "[i]n as much as this breach of contract also encompasses the additional tort of breach of fiduciary duty, plaintiff hereby asserts this, though this tort might be wholly redundant of the breach of contract claim. The same statement holds for the tort of legal malpractice and professional negligence." (Pl.'s Am. Compl. ¶ 132.) These causes of action are not pleaded clearly and plainly, and will not be considered.

5

(b) 42 U.S.C. § 1982 by negatively affecting Plaintiff "in his dealings of his personal property . . . which actions were done with racial discrimination in mind, since Mr. Sewraz was Indian and not Vietnamese as Defendants" (Am. Compl. ¶ 180); and,

(c) 42 U.S.C. §§ 1986, 1985 by conspiring to impede his access to the Courts.

Count 10   Defendants Gamble-Huynh and Nguyen violated Section 8.01-42.1 of the Virginia Code by acting against Plaintiff's property on account of his race.

Plaintiff seeks damages "in excess of $1,000,000" from each Defendant, along with an opportunity to present evidence of the Defendants' criminal misconduct to a federal grand jury. (Am. Compl. 24.)

### Claims against Defendant Gamble-Huynh

Plaintiff claims that Defendant Gamble-Huynh is liable for Defendant Nguyen's actions that caused the dismissal of Plaintiff's claims to recover the value of loans made to Defendant Gamble, because she conspired with Defendant Nguyen while he was representing Plaintiff. A plaintiff cannot state a claim by merely asserting that a conspiracy exists. *Bell Atlantic Corp.*, 550 U.S. at 555. Such an assertion is a legal conclusion and not entitled to be treated as true. *Id.* Instead, a plaintiff must allege facts which, if true, would plausibly suggest an unlawful agreement. *Id.* at 570.

Many of Plaintiff's allegations in support of a conspiracy are merely conclusory statements, unsupported by specific facts, that Defendants Nguyen and Gamble-Huynh had an inappropriate relationship and conspired to injure Plaintiff's interests. (Compl. ¶¶ 17, 19, 20, 43-45, 51, 91, 110, 126, 137, 166-69, 172, 177-80, 183.) Plaintiff, however, cannot rely upon mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to state a

claim in federal court. *Bell Atlantic Corp.*, 550 U.S. at 555; *see also Marangos v. Swett*, No. 08-4146, 2009 WL 1803264, at *13 (3d Cir. June 25, 2009) (explaining that "legal conclusions couched as factual allegations" are entitled to no presumption of truth). The only well-pleaded facts in support of a conspiracy relate to the single telephone conversation between the Defendants allegedly relayed to Plaintiff by Defendant Nguyen. (Compl. ¶¶ 25-42.) The alleged conversation is "merely consistent with" liability on Defendant Gamble-Huynh's part, *Bell Atlantic Corp.*, 550 U.S. at 557, and does not demonstrate "more than a sheer possibility" that the individual Defendants ever reached an agreement to harm Plaintiff. *Ashcroft*, 129 S. Ct. at 1949. Plaintiff has not fulfilled his obligation to plead "factual content that allows the court to draw the reasonable inference" that an agreement or conspiracy existed. *Id.* at 1949. Accordingly, it is RECOMMENDED that Claim Seven be DISMISSED, that Claims Eight, Nine, and Ten be DISMISSED as to Defendant Gamble-Huynh, and that Defendant Gamble-Huynh be DISMISSED from the lawsuit.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth

legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 9-15-09
Richmond, Virginia