IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



CHETANAND KUMAR SEWRAZ,

Plaintiff,

v.  Civil Action No. **3:08CV90**

NHON H. NGUYEN, *et al.*,

Defendants.

## MEMORANDUM OPINION

Sewraz, a federal inmate proceeding *pro se*, filed this diversity action against his former attorney Nhon H. Nguyen and Nguyen's law firms ("Nguyen"). By Memorandum Opinion and Order entered on January 20, 2011, the Court dismissed all of Sewraz's causes of action, with the exception of portions of Claim One.[1] The Court ordered Sewraz to show cause why this Court should retain jurisdiction over the claim because it appeared that the amount-in-controversy remaining appeared to be less than the statutory requirement. *See* 28 U.S.C. § 1332(a) (permitting federal diversity jurisdiction only where the amount-in-controversy exceeds $75,000).

Sewraz responded, admitting that this Court has discretion regarding whether it should retain jurisdiction over the case. Sewraz urges this federal Court to retain jurisdiction because (1) the case has been in the federal system for three years, (2) the original demand was made in

---

[1] The remaining aspects of Claim One include (1) the breach of contract for Nguyen's nonsuit and alleged failure to notify Sewraz of the nonsuit; (2) the breach of contract for Nguyen's failure to provide Sewraz with competent legal advice when Nguyen advised Sewraz not to attend the November 21, 2005 court hearing; and (3) the breach of contract for Nguyen's maintenance of a conflict of interest while engaged in an attorney-client relationship with Sewraz.

good faith, (3) the state-law issues presented in this case are not significant, and (4) the statute of limitations has now run in state court.

Nguyen replied. Nguyen urges the Court to dismiss the case for lack of jurisdiction because none of the remaining causes of action involve questions of federal law, the amount-in-controversy does not exceed the jurisdictional threshold, dismissal would not be unfair, the original demand was not made in good faith, the Virginia statute of limitations has been tolled while this case has been in federal Court, no discovery has yet been conducted, and this federal Court should not waste its time with Sewraz's demonstrated willingness to file frivolous motions.

For the reasons that follow, the Court will DECLINE to assert jurisdiction over this case and will DISMISS the action for lack of jurisdiction.

## I. ANALYSIS

This Court has discretion regarding whether it may retain jurisdiction over the remaining claim.[2] The Court "may decline to exercise supplemental jurisdiction over a claim" if the Court

---

[2] "The basis for district court discretion in this context lies in the model of supplemental jurisdiction set forth in 28 U.S.C. § 1367. The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995); *see also Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005) ("Plaintiff's initial claim . . . was made in good faith and the District Court had the discretion to retain any residual claims." (citations omitted)); *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 F. App'x 141, 144 (4th Cir. 2001) (remanding to District Court for determination of whether jurisdiction remained after amount-in-controversy fell below required limit); *Turner v. State Farm Mut. Auto. Ins. Co.*, No. 09-cv-01926-CMA-KLM, 2010 WL 3239270, at *4 (D. Colo. Aug. 12, 2010) ("Plaintiff's remaining claim, however, is a breach of contract claim, and there is no evidence before the Court that the amount in controversy on this claim exceeds $75,000. Therefore, the Court concludes that it no longer has subject-matter jurisdiction and remands this case to state court."); *Charvat v. GVN Mich., Inc.*, 531 F. Supp. 2d 922, 929-30 (S. D. Ohio 2008) (dismissing the case for lack of jurisdiction because, "[f]ollowing Defendant's successful Motion for Partial Summary

2

"has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Courts "enjoy wide latitude in determining whether or not to retain jurisdiction." *Shanaghan*, 58 F.3d at 110 (*citing Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). The United States Court of Appeals for the Fourth Circuit provided a thorough analysis of how to make this determination when the amount-in-controversy drops below the statutory threshold in *Shanaghan*. See *Shanaghan*, 58 F.3d at 112-13. The Court will discuss the *Shanaghan* factors in turn.

### A. Legal Certainty of Asserted Amount In Controversy

"First, the court should look to the face of the complaint itself to determine whether it is a legal certainty that plaintiff's claims do not reach the required amount." *Id.* at 112 (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). In this case, Sewraz claimed Nguyen caused Sewraz "to lose over $40,000 including interests and costs." (Am. Compl. ¶ 114.) Sewraz also claims that he lost the value of two promissory notes (Am. Compl. ¶ 115), one in the amount of $12,500 and one in the amount of $15,000 (Am. Compl. ¶¶ 13–15).[3] Additionally, Sewraz asserts that he incurred undisclosed costs when he had to change his travel arrangements. (Am. Compl. ¶ 24.) Finally, Sewraz requested punitive damages "in excess of $1,000,000." (Am. Compl. 24.)

"Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Shanaghan*, 58 F.3d at 112

---

Judgment, there is no longer a sufficient amount in controversy"), *aff'd*, 561 F.3d 623, 632 (6th Cir. 2009).

[3] Although Nguyen calculated an eighteen-percent interest rate on the promissory notes (Def's Resp. Pl.'s Attempt Show Cause (Docket No. 52), at 3), interest is not included when calculating amounts-in-controversy, 28 U.S.C. § 1332(a).

3

(holding that a federal Court has discretion to assert continued jurisdiction, unless there was no legal certainty from the outset that the amount-in-controversy could be met, in which case the Court is *required* to dismiss for lack of jurisdiction). Although Sewraz's assertion of punitive damages pushed this case over the $75,000 threshold, the claim for punitive damages was frivolous. For the reasons stated in the January 20, 2011 Memorandum Opinion and Order, only the breach of contract claim had any possible merit, even when viewing all of the allegations in Sewraz's favor. Punitive damages, however, are not applicable to Sewraz's breach-of-contract claim. (Jan. 20, 2011 Mem. Op. 13 n.7 (*citing O'Connell v. Bean*, 556 S.E.2d 741, 743 (Va. 2002).) Accordingly, this factor weighs against the Court asserting continued jurisdiction when the amount-in-controversy likely was not made in good faith from the beginning.

### B. Fairness to Parties and Judicial Economy

"Second, if some event subsequent to the complaint reduces the amount in controversy, such as the dismissal of one count based on the defendant's answer, the court must then decide in its discretion whether to retain jurisdiction over the remainder of the case." *Shanaghan*, 58 F.3d at 112. In making this determination, "courts should weigh convenience and fairness to both parties, as well as the interests of judicial economy." *Id.* (*citing In re Conklin*, 946 F.2d 306, 322 (4th Cir. 1991)). "In particular, it is important to consider whether the amount claimed in the complaint was made in good faith, or whether plaintiff was consciously relying on flimsy grounds to get into federal court." *Id.* (*citing Rosado v. Wyman*, 397 U.S. 397, 404-05 (1970)).

This factor is particularly unfavorable to Sewraz. As previously mentioned, it seems likely that Sewraz's claim for punitive damages in what amounts to a breach-of-contract case was

made in bad faith. Further evidence in support of this conclusion lies in Sewraz's original assertion of federal question jurisdiction.

Sewraz asserted an alternative theory to federal diversity jurisdiction, which involved federal question jurisdiction. To support this notion, Sewraz cited 42 U.S.C. §§ 1981, 1982, 1985, and 1986 in his original Claim Nine. This Court quickly dispensed with this Claim because, although the statutes require Sewraz to establish that he was the victim of intentional discrimination, "[t]he *only* fact Sewraz alleges to support these allegations is that Nguyen is Vietnamese-American and Sewraz is Indian." (Jan. 20, 2011 Mem. Op. 22.)

It is clear that Sewraz artfully pleaded his complaint to include Claim Nine, which was absolutely frivolous. This lends support to the conclusion that Sewraz also inflated his damages figure to reach the amount-in-controversy threshold for federal diversity claims. Sewraz's demonstrated bad faith weighs against a continued assertion of jurisdiction.

The "fairness to the parties" consideration does not weigh in favor of continued assertion of jurisdiction. Having already found that Sewraz's assertions of jurisdiction were made in bad faith, and given the fact that Nguyen supports dismissal for lack of jurisdiction, "fairness to the parties" points in favor of dismissal.

Considerations of judicial economy also weigh in favor of dismissal in this instance:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, or the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966) (footnotes omitted). These factors militate against the determination that this Court should continue to assert jurisdiction over the state-law claim.

### C. Statute of Limitations

"Another critical equitable factor is the existence of any state limitations bars to refiling in state court." *Shanaghan*, 58 F.3d at 112 (*citing Ridenour v. Andrews Fed. Credit Union*, 897 F.2d 715, 722 (4th Cir. 1990)). Although Sewraz asserts that the statute of limitations for his contract claim has expired, he cites no legal authority for that proposition. Nguyen, on the other hand, cites Virginia Code § 8.01-229(E)[4] and 28 U.S.C. § 1367(d)[5] for authority that any statute of limitations has been tolled during the pendency of this federal action. Although the state courts would make the determination regarding whether the statute has been tolled,[6] it appears

---

[4] This statute provides, in pertinent part:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01-229(E)(1) (West 2011).

[5] This statute provides:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).

[6] There has been no argument, for example, regarding whether Sewraz originally filed this case in federal Court within the Virginia statute of limitations time frame. *See Hunter*

that Sewraz would not be barred from filing in state court based on the savings statute of Virginia Code § 8.01-229(E)(1). *See Welding, Inc. v. Bland Cnty. Serv. Auth.*, 541 S.E.2d 909, 912 (Va. 2001) (holding that Virginia Code § 8.01-229(E)(1) applies to actions in federal Court). This fact weighs against continued assertion of jurisdiction in the federal Court.

### D. Already Expended Time and Energy

"Next, courts should account for the amount of time and energy that has already been expended, and decide whether it might be more efficient to simply retain jurisdiction." *Shanaghan*, 58 F.3d at 112 (*citing Washington v. Union Carbide Corp.*, 870 F.2d 957, 962 (4th Cir. 1989)). Although this Court has invested substantial time and energy in this case, that is only as a result of sifting through Sewraz's voluminous, circuitous, and largely frivolous pleadings. The dispute at the heart of this matter is a simple state-law claim which, now that this Court has disposed of the wholly frivolous claims, may be more easily reviewed. The time and energy already expended in reviewing Sewraz's legally frivolous claims is now of no benefit to further review of his breach-of-contract claim. Accordingly, this factor does not weigh in favor of asserting continued federal jurisdiction over this case.

### E. Other Considerations

"Finally, other considerations may arise on a case-by-case basis, such as the existence of some significant issue of state law best resolved in state court, that could inform the trial court's determination whether to keep or dismiss the case entirely." *Id.* (*citing McCullough v. Branch

---

*Innovations Co. v. Travelers Indem. Co.*, 753 F. Supp. 2d 597, 606 n.9 (E.D. Va. 2010) ("For the Virginia savings statute to apply, a plaintiff's first action must be filed within Virginia's prescribed limitations period.").

7

*Banking & Trust Co., Inc.*, 844 F. Supp. 258, 260-62 (E.D.N.C. 1993)). There appear to be no such considerations in this case.

## II. CONCLUSION

For the reasons set forth above, the Court will exercise its "sound judgment" and will decline to assert continued jurisdiction over Sewraz's state-law claim which does not satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a). *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). Accordingly, Sewraz's remaining aspects of Claim One will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order will accompany this Memorandum Opinion.

And it is so ORDERED.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

Dated: 6-27-11
Richmond, Virginia